1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

VICKIE BELSHAW,

8

Plaintiff,

No. 4:15-CV-05101-RHW

9

v.

10

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

11

12

Defendant.

13

Before the Court are the parties' cross-motions for summary judgment, ECF

14

Nos. 13, 18. Ms. Belshaw brings this action seeking judicial review, pursuant to

15

42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her

16

application for Disability Insurance Benefits under Title II of the Social Security

17

Act, 42 U.S.C §§ 401-434. After reviewing the administrative record and briefs

18

filed by the parties, the Court is now fully informed. For the reasons set forth

19

below, the Court DENIES Ms. Belshaw's Motion for Summary Judgment and

20

GRANTS the Commissioner's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT~ 1**

## I.     Jurisdiction

Ms. Belshaw filed an application for Disability Insurance Benefits on June 2, 2011, AR 165, alleging onset of disability on July 1, 2009.  AR 166.  Her application was initially denied on February 15, 2012, AR 98, and on reconsideration on May 17, 2012, AR 114-15.  On January 22, 2014, Administrative Law Judge ("ALJ") Marie Palachuk held a video hearing from Spokane, Washington.  AR 39.  On March 5, 2014, ALJ Palachuk issued a decision finding Ms. Belshaw ineligible for benefits.  AR 19-37.  The Appeals Council denied Ms. Belhaw's request for review on July 12, 2015, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.  Ms. Belshaw timely filed the present action challenging the denial of benefits, and accordingly, her claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.     Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 2**

1    claimant's age, education, and work experience, engage in any other substantial

2    gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

3    1382c(a)(3)(B).

4        The Commissioner has established a five-step sequential evaluation process

5    for determining whether a claimant is disabled within the meaning of the Social

6    Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

7    *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

8        Step one inquires whether the claimant is presently engaged in "substantial

9    gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful

10   activity is defined as significant physical or mental activities done or usually done

11   for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

12   substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

13   404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

14       Step two asks whether the claimant has a severe impairment, or combination

15   of impairments, that significantly limits the claimant's physical or mental ability to

16   do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

17   impairment is one that has lasted or is expected to last for at least twelve months,

18   and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 &

19   416.908-09.  If the claimant does not have a severe impairment, or combination of

20

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 3**

1  impairments, the disability claim is denied, and no further evaluative steps are

2  required.  Otherwise, the evaluation proceeds to the third step.

3      Step three involves a determination of whether any of the claimant's severe

4  impairments "meets or equals" one of the listed impairments acknowledged by the

5  Commissioner to be sufficiently severe as to preclude substantial gainful activity.

6  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

7  20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or

8  equals one of the listed impairments, the claimant is *per se* disabled and qualifies

9  for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to

10  the fourth step.

11      Step four examines whether the claimant's residual functional capacity

12  enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f)

13  & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant

14  is not entitled to disability benefits and the inquiry ends.  *Id.*

15      Step five shifts the burden to the Commissioner to prove that the claimant is

16  able to perform other work in the national economy, taking into account the

17  claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

18  404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

19  burden, the Commissioner must establish that (1) the claimant is capable of

20  performing other work; and (2) such work exists in "significant numbers in the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 4**

1   national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

2   676 F.3d 1203, 1206 (9th Cir. 2012).

3                          **III.   Standard of Review**

4        A district court's review of a final decision of the Commissioner is governed

5   by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

6   Commissioner's decision will be disturbed "only if it is not supported by

7   substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

8   1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

9   a mere scintilla but less than a preponderance; it is such relevant evidence as a

10  reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

11  *Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

12  1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

13  whether the Commissioner's findings are supported by substantial evidence, "a

14  reviewing court must consider the entire record as a whole and may not affirm

15  simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.*

16  *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

17  F.2d 498, 501 (9th Cir. 1989)).

18       In reviewing a denial of benefits, a district court may not substitute its

19  judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

20  1992).  If the evidence in the record "is susceptible to more than one rational

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 5**

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").  Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Ms. Belshaw was 55 years old, which is defined as an individual of advanced age, on the date of last insured. AR 31.  Ms. Belshaw has at least a high school education and can communicate in English. *Id.* She has previously worked as an aide for students with special needs and as an in-home care attendant for elderly adults. ECF No. 13 at 2. She alleges the following physical conditions: back and neck pain from degenerative disc disease, osteoarthritis of the thumb, diabetes, hypertension, obesity, chronic kidney disease, and partial deafness. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 6

1

## V.    The ALJ's Findings

2    The ALJ determined that Ms. Belshaw was not disabled under the Social

3 Security Act and denied her application for benefits.  AR 22-33.

4    **At step one**, the ALJ found that Ms. Belshaw had not engaged in substantial

5 gainful activity during the period from her alleged onset date of July 1, 2009,

6 through her date last insured of March 31, 2010 (citing 20 C.F.R. § 416.971 *et*

7 *seq*.).  AR 24.

8    **At step two**, the ALJ found Ms. Belshaw had the following severe

9 impairments: osteoarthritis – right thumb; degenerative disc disease – lumbar and

10 cervical spine; insulin-dependent diabetes mellitus; and obesity (citing 20 C.F.R. §

11 416.920(c)).  AR 24-25.

12    **At step three**, the ALJ found that Ms. Belshaw did not have an impairment

13 or combination of impairments that meets or medically equals the severity of one

14 of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1 (citing 20 C.F.R.

15 §§ 416.920(d), 416.925, & 416.926).  AR 25-26.

16    **At step four**, the ALJ found that Ms. Belshaw could perform light work as

17 defined in 20 C.F.R. § 404.1567(b) except that she could: frequently balance,

18 stoop, kneel, crouch, crawl, and climb ramps or stairs; never climb ladders, ropes,

19 or scaffolds; and avoid moderate exposure to hazards. AR 26-31.

20

1   The ALJ found that Ms. Belshaw was unable to perform past relevant work

2   as a teacher's aide and home health attendant. AR 31.

3   **At step five**, the ALJ found that, considering her age, education, work

4   experience, residual functional capacity, and acquired work skills from past

5   relevant work, in conjunction with the Medical-Vocational Guidelines and the

6   testimony of a vocational expert, there is one job existing in significant numbers in

7   the national economy that Ms. Belshaw can perform: Companion. AR 32.

8                          **VI.    Issues for Review**

9   Ms. Belshaw argues that the Commissioner's decision is not free of legal

10   error and not supported by substantial evidence.  Specifically, she argues the ALJ

11   erred by: (1) incorrectly analyzing her past relevant work and determining her

12   transferable work skills; (2) improperly rejecting her symptom testimony as not

13   credible; (3) improperly rejecting Ms. Belshaw's husband's lay witness testimony;

14   and (6) failing to inquire as to Ms. Belshaw's onset date according to SSR 83-20.

15   ECF No. 13 at 5.

16                          **VII.   Discussion**

17   **A. The ALJ correctly analyzed Ms. Belshaw's past relevant work and**

18        **transferable work skills.**

19        a.  Ms. Belshaw did not waive the right to challenge the determination of

20             her past relevant work experience.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 8**

1    First, the Court does not find that Ms. Belshaw has waived the issue that the

2  finding of Home Health Attendant as past relevant work was improper because she

3  failed to bring it before the ALJ or Appeals Council. While the Ninth Circuit has

4  refused to hear new issues, those new issues must not have been brought before the

5  ALJ or the district court. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

6  Because this is the district court, this case law is inapplicable. Further, the U.S.

7  Supreme Court has determined that a claimant is not required to exhaust issues

8  before the Appeals Council in order to preserve judicial review of those issues.

9  *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 103, 147 L.Ed.2d 80 (2006).

10       b.   The ALJ did not err by determining Ms. Belshaw's past relevant work

11           experience.

12    When determining past relevant work, an ALJ must consider work that: (1)

13  was performed in the prior fifteen years; (2) lasted long enough for the claimant to

14  learn to do it; and (3) was "substantial gainful activity." 42 U.S.C. § 405(g). Ms.

15  Belshaw alleges that while she did perform work as an in-home health attendant,

16  this work did not qualify as substantial gainful activity because she did not earn

17  income at the requisite level to qualify as such. ECF No. 13 at 8.

18    Ms. Belshaw has provided inconsistent information for the record. Based on

19  her own statement, Ms. Belshaw worked for Personel [sic] Service Providers from

20  August 2008 through November 2009, for eight hours per day, five days per week

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 9**

1    for $10.25 per hour. AR 205, 212. Based on this information, she would have

2    earned approximately $1,640 per month. This is well above the threshold set by the

3    Social Security Administration for substantial gainful activity.  *See* Program

4    Operations Manual System DI 10501.015. However, the provided earning

5    statement states that she only made $3,657.97 in 2008, despite working from

6    August through the end of the year. AR 172, 205. Likewise, in 2009, her earning

7    statement only demonstrates $6,524 for the year, despite working for nearly eleven

8    months. *Id.* The logical conclusion for these large discrepancies is that Ms.

9    Belshaw provided incorrect information when she filled out the Social Security

10   Work History Report Form. Either Ms. Belshaw did not work as many months as

11   she asserted, or she did not work as many hours as she asserted.

12        Moreover, while earnings over the threshold provide a presumption of

13   substantial gainful activity, it is not dispositive. *Keyes v. Sullivan*, 894 F.2d 1053,

14   1056 (9th Cir. 1990). 20 C.F.R. § 404.1572(a) states that "work may be substantial

15   even if is done on a part-time basis or if you do less, get paid less, or have less

16   responsibility than when you worked before." Thus, part-time work may be

17   considered substantial. *See Keyes*, 894 F.2d at 1056; *see also Chicager v. Califano*,

18   574 F.2d 161, 163 (3rd Cir. 1978).

19        The burden in steps one through four is on the claimant.  *Burch v. Barnhart*,

20   400 F.3d 676, 679 (9th Cir. 2005); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 10

1    Cir. 1989). At step four, the ALJ must determine whether the claimant is capable

2    of performing past relevant work. *Id.* It was not improper for the ALJ to rely on the

3    information provided by Ms. Belshaw, the party that sustains the burden at this

4    step.

5             c.   The ALJ did not fail to properly determine the work base for the job

6                  of Companion.

7         ALJ Palachuk relied on the testimony of vocational expert Diane Kramer,

8    who testified that Ms. Belshaw's past relevant work as a Home Health Attendant

9    provided her with transferable skills to perform the job of Companion, a position

10   found in the Dictionary of Occupational Titles. AR 83-84. Upon examination by

11   Ms. Belshaw's attorney, Ms. Kramer testified that some limitations in Ms.

12   Belshaw's residual functional capacity and the percentage of part-time Companion

13   jobs would lead to some erosion of the total amount of positions in the national

14   economy. AR 84-88. Ms. Kramer did not assert either limitation entirely

15   eliminated the position, however. *Id.*

16        A second vocational expert, Trevor Duncan, was hired by Ms. Belshaw and

17   provided a statement to the Appeals Council. AR 4. Mr. Duncan opined that Home

18   Health Attendant only had transferable skills to Medium-level jobs (which were

19   precluded by Ms. Belshaw's residual functional limitations of Light-level work

20

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 11

1    only) and that "the occupation of Companion no longer exists independent of

2    Home Attendant." AR 246-250.

3         Contrary to Ms. Belshaw's contention that Mr. Duncan's testimony resolves

4    the ambiguity, it actually strays further from the Dictionary of Occupational Titles

5    than Ms. Kramer's opinion. It is not an irrational interpretation to reject Mr.

6    Duncan's opinion in light of Ms. Kramer's, which was more in line with the

7    Dictionary of Occupational Titles and thoroughly supported by her expertise and

8    testimony. *See* AR 84-88.

9         **B. The ALJ properly discounted Ms. Belshaw's Credibility.**

10         An ALJ engages in a two-step analysis to determine whether a claimant's

11    testimony regarding subjective pain or symptoms is credible. *Tommasetti,* 533

12    F.3d at 1039. First, the claimant must produce objective medical evidence of an

13    underlying impairment or impairments that could reasonably be expected to

14    produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets

15    this threshold, and there is no affirmative evidence suggesting malingering, "the

16    ALJ can reject the claimant's testimony about the severity of her symptoms only

17    by offering specific, clear and convincing reasons for doing so." *Id.*

18         In weighing a claimant's credibility, the ALJ may consider many factors,

19    including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

20    reputation for lying, prior inconsistent statements concerning the symptoms, and

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 12

1   other testimony by the claimant that appears less than candid; (2) unexplained or

2   inadequately explained failure to seek treatment or to follow a prescribed course of

3   treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273,

4   1284 (9th Cir.1996).

5      The ALJ specifically kept her determination within the period of alleged

6   disability, that is between Ms. Belshaw's alleged onset date of July 1, 2009, and

7   her date last insured of March 31, 2010. AR 27. The ALJ found that Ms. Belshaw's

8   functioning may have been more limited after March 31, 2010, but the evidence in

9   the record prior to this date does not support additional limitations caused by more

10   recent impairments. AR 27-28. During the relevant period, the ALJ identified

11   multiple reasons for discounting Ms. Belshaw's subjective statements. AR 28-31.

12      Conservative treatment was largely prescribed for several of Ms. Belshaw's

13   impairments. Conservative treatment can be sufficient to discredit subjective

14   complaints of a complaints. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.

15   1995); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Dr. Clyde

16   Carpenter, M.D., and Kurt Judson, PA-C, recommended conservative treatment for

17   her back and neck impairments, in conjunction with relatively mild findings. AR

18   257, 259. Dr. Stephen Snow, M.D., and Laura Flick, PA-C, specifically

19   recommended conservative treatment over surgery with regard to her thumb

20   condition. AR 255.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 13**

1      Ms. Belshaw purposely avoided prescribed pain medication. A claimant's

2   statements may be less credible when treatment is inconsistent with the level of

3   complaints or a claimant is not following treatment prescribed without good

4   reason. *Molina*, 674 F.3d at 1114. When refusing prescribed treatment, it cannot be

5   not a matter of personal preference. *Id*. The ALJ reasoned that her ability to

6   continue performing daily activities and caring for her ailing parents without

7   prescription pain medication suggested her pain was not as "significantly

8   problematic" as she alleged. AR 31. This interpretation is rational, especially when

9   comparing Ms. Belshaw's allegations to the record.

10      Finally, the ALJ also supported her credibility determination by citing to Mr.

11   Judson's statement in October 2009 that Ms. Belshaw could "continue to work as

12   tolerated." AR 31. A claimant's ability to continue working despite impairments

13   tend to support the impairments are not disabling. *See, e.g., Gregory v. Bowen*, 844

14   F.2d 664, 666-67 (9th Cir. 1988). The record shows that Ms. Belshaw continued to

15   care for her ill father in March 2010. AR 280. While the Court acknowledges the

16   challenges Ms. Belshaw faced with ill parents, the fact she was able to provide

17   their care supports the ALJ's findings on her credibility.

18      The ALJ interpreted the inconsistencies between Ms. Belshaw's subjective

19   complaints and the record to determine her allegations were not as severe as she

20   indicated. This was a permissible, rational interpretation that is supported by

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 14**

1  substantial evidence, *see Tommasetti*, 533 F.3d at 1040, and the Court finds no

2  error with the ALJ's determination.

3  **C. The ALJ provided germane reasons for rejecting Mr. Belshaw lay**

4  **witness testimony.**

5  Ms. Belshaw's husband provided a statement that Ms. Belshaw asserts the

6  ALJ did not properly credit. AR 243-45.  Spouses are among those considered

7  "other sources" by the Social Security Administration. 20 C.F.R. §§ 404.1513(d),

8  416.913(d). An ALJ is required to "consider observations by non-medical sources

9  as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*,

10  812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a

11  diagnosis or disability absent corroborating competent medical evidence. *Nguyen*

12  *v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons

13  germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12

14  F.3d 915 (9th Cir.1993).

15  In this case, the ALJ did not give great weight to Mr. Belshaw's statements

16  because they are "essentially the same as the claimant's allegations." AR 31. As

17  the ALJ properly determined Ms. Belshaw's credibility, the Court finds this to be a

18  germane reason for giving little weight to Mr. Belshaw's statement.

19  **D. SSR 83-20 does not apply.**

20

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 15

SSR 83-20 provides that the onset date of disability is defined as "the first day an individual is disabled as defined in the Act and the regulations." This is inapplicable because the ALJ did not find Ms. Belshaw disabled. *See Sam v. Astrue*, 550 F.3d 808, 810-811 (9th Cir. 2008) (when the ALJ does not find the claimant disabled, the question of when he/she became disabled never arises).

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

　　　1.  Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

　　　2.  Defendant's Motion for Summary Judgment, **ECF No. 18,** is **GRANTED.**

　　　3. **Judgment shall be entered for Defendant** and the file shall be **CLOSED.**

　　**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

　　**DATED** this 29th day of September, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~** 16